[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On October 11, 2000, the Appellate Court issued an order directing this court "to consider the defendant's motion for stay on the merits in light of the fact that there is no automatic stay pursuant to § 52-477." The defendant, Dominick Pinto, Jr., appealed to the Appellate Court from a decision of this court accepting a recommendation from an attorney trial referee that the defendant be enjoined from interfering with an easement or right of way held by the plaintiffs, Joseph Serpe and Serafino Serpe, over the defendant's property, and further, that the defendant be ordered to remove a storage shed or container from this easement or right of way.
General Statutes § 52-477 provides that when a judgment has entered granting a permanent injunction which orders a party to perform a certain act, as is the case in this appeal, the court "shall stay the operation of such injunction until a final judgment" unless "the court is of the opinion that great and irreparable injury will be done by such stay or that such application (for a stay) was made only for delay and not in good faith."
This court is of the opinion that a stay of the injunction enjoining the defendant from interfering with the plaintiffs' easement will not cause "great and irreparable injury" to the plaintiffs during the pendency of the appeal to the Appellate Court, and further that the defendant did not appeal only for "delay" but rather acted in "good faith" in pursuing this appeal.
The attorney trial referee found as facts that the plaintiffs used their easement over the defendant's property on a "regular if minimal basis" for access to the adjacent street, and that the plaintiffs did not sustain any actual money damages by reason of the defendant's interference with their easement. There will be some difficulty experienced by the plaintiffs in parking their vehicles, but nothing approaching the "great and irreparable injury" required by General Statutes § 52-477. Moreover, there is nothing in this case to suggest that the defendant is pursuing his appeal "only for delay" and that he is not acting in "good faith." While it is true that both the attorney trial referee and this court are of the opinion that the defendant did not extinguish the easement over his property by virtue of adverse possession and that the plaintiffs had not abandoned their easement, the defendant is pursuing these two contentions in a legitimate fashion through the appeal process. The plaintiffs will have to wait while that process runs its course.
Thus, the defendant's motion dated November 29, 1999 seeking a stay of the injunction during the pendency of the appeal is granted.
So Ordered.
Dated at Stamford, Connecticut, this 26th day of March, 2001.
William B. Lewis, Judge T.R.
CT Page 4218